IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. HARRIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-481-GMS |
| | ) |
| MATTHEW K. MCMULLEN, GEORGE | ) |
| LANCASTER, and PERRY PHELPS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James E. Harris, Jr. ("Harris"), an inmate at the James T. Vaughn

Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1]

(D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant

to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Harris alleges that he was attacked and pepper-sprayed by the defendant Matthew K.

McMullen ("McMullen") on May 31, 2008. McMullen also confiscated Harris' television and

radio. The defendant George Lancaster ("Lancaster") had Harris placed in isolation for fifteen

days, and then transferred to maximum security for fifteen months. In addition, he approved the

confiscation of the television and radio. The items have not been returned although Harris was

found "not guilty" of charges brought against him as a result of the May incident. Finally, Harris

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

alleges that the defendant Warden Perry Phelps ("Phelps') held him in isolation for fifteen days, supermax/SHU ("SHU") for seven and one-half months, and maximum/MHU ("MHU") for seven and one-half months. Harris complains that he was held at a maximum security status for "nothing but a minor offense" and was deprived of a lower security classification and his property in violation of his constitutional rights.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Harris proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Harris leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Harris has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege

_____

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer

Harris's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*
"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of
misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to
relief." *Iqbal,*129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Personal Property

Harris claims that he has been wrongfully denied his television and radio. A prisoner's
due process claim based on random and unauthorized deprivation of property by a state actor is
not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is
no adequate post-deprivation remedy available. *See Parratt v. Taylor,* 451 U.S. 527, 542 (1981),
*overruled on other grounds by* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533
(1984). Harris has available to him the option of filing a common law claim for conversion of
property. Inasmuch as Delaware law provides an adequate remedy for Harris, he cannot maintain
a cause of action pursuant to § 1983 for deprivation of his television and radio. *See Hudson,* 468
U.S. at 535; *Nicholson v. Carroll,* 390 F. Supp. 2d 429, 435 (D. Del. 2005); *Acierno v. Preit-
Rubin, Inc.*, 199 F.R.D. 157 (D. Del. 2001) (other citations omitted).

The deprivation of personal property claim lacks an arguable basis in law or in fact and
must, therefore, be denied as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).
*See Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

---

possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'" *Id.*

### B. Housing/Classification

Harris claims that despite a finding of "not guilty" of the charges brought against him, he was unlawfully housed in isolation, SHU and MHU, and deprived of a lower security classification. The Due Process Clause confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). In addition, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). The Third Circuit has held that an inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone privileges did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under Sandin. *See Young v. Beard*, 227 F. App'x. 138 (3d Cir. 2007) (not published); *see also Griffin*, 112 F.3d at 706-09 (a state prisoner's confinement in administrative segregation for fifteen months did not impose an atypical and significant hardship on the prisoner); *See Henderson v. Kerns-Barr*, No. Civ. A. 07-0936, 2008 WL 2156357, at *1 (M.D. Pa. May 21, 2008)(assuming that the plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 90 days disciplinary confinement did not affect the inmate's release date, there was no liberty interest and, therefore, no trigger of due process rights).

-5-

Even though Harris was found "not guilty," he fails to state constitutional claim on the facts alleged. According to the allegations in the complaint, Harris spent fifteen days in isolation, seven and one-half months in SHU and seven and one-half months in MHU – an amount of time that does not implicate a protected liberty interest. Based upon the facts and the law, Harris lacks the requisite liberty interest to implicate a due process violation.

Finally, it is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. Harris fails to state a claim of constitutional dimension with respect to his custody level classification, and this claim will be dismissed.

Harris has not articulated a protected liberty interest with respect to his discipline, confinement, and classification. Therefore, the court will dismiss the claims against Lancaster and Phelps as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**IV. CONCLUSION**

For the above reasons, the court will dismiss all claims against Lancaster and Phelps and the deprivation of personal property claim against McMullen as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Harris may proceed with his excessive force claim against McMullen.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2010
Wilmington, Delaware

-7-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. HARRIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-481-GMS |
| | ) |
| MATTHEW K. MCMULLEN, GEORGE | ) |
| LANCASTER, and PERRY PHELPS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 29th day of Sept. , 2010, for the reasons set forth in

the Memorandum issued this date, it is hereby ordered that:

1. All claims against the defendants George Lancaster and Warden Perry Phelps and the

deprivation of personal property claim against Matthew K. McMullen are **dismissed** as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The court has identified what appears to be a cognizable excessive force claim within

the meaning of 28 U.S.C. § 1915A against the defendant Matthew K. McMullen. The plaintiff is

allowed to **proceed** against this defendant.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall provide the court with

"USM-285" forms for the **remaining defendant Matthew K. McMullen** as well as for the

**Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON,

DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provided

the court with copies of the complaint.  (D.I. 2.)  **The plaintiff is notified that the United States Marshal Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of court.  Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or the defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form.  Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3).  A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

5. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2).  **A separate service order will issue in the event a defendant does not timely waive service of process.**

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

-2-

7. **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will

**VACATE** all previous Service Orders entered, and service **will not take place**. An amended

complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2)

and § 1915A(a). **\*\*\***

8. **Note: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to

service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

CHIEF, UNITED STATES DISTRICT JUDGE

-3-